UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ROBERT HOLLAND and HOLLAND,  )
REAL ESTATE LLC,              )
                              )
        Plaintiffs,            )
                              )   CAUSE NO.: 2:14-CV-5-TLS-PRC
        v.                    )
                              )
CEO COUNTRYWIDE               )
HOME LOANS, INC., et al.,     )
                              )
        Defendants.           )

**OPINION AND ORDER**

On January 8, 2014, the pro se Plaintiff, Robert Holland, filed a Complaint [ECF No. 1] and a Motion to Proceed In Forma Pauperis [ECF No. 2]. The Plaintiff has also filed a Motion to Strike the Appearances of the Counsel for Countrywide [ECF No. 8] and a Notice to the Court and Request for Ruling or Status [ECF No. 10]. For the reasons set forth below, the Court will deny the Plaintiff's Motion to Proceed In Forma Pauperis and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

**A.    Standard of Review**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first,

whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff contends that he receives approximately $999 per month in social security payments, but that his average monthly expenses exceed that amount. He reports that he is unemployed, has approximately $50 cash on hand, and has no dependents. Based on this income information, although his annual income slightly exceeds the poverty guidelines threshold for a family of one, the Court finds that the Plaintiff is financially eligible for *in forma pauperis* status. *See* Annual Update of the HHS Poverty Guidelines, 77 Fed. Reg. 3593 (Jan. 22, 2014).

The inquiry does not end there, however. District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen a complaint before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32–33. Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

2

allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. This includes allegations that are "fantastic" or "delusional." *Id.* at 328.

**B.     History of this Plaintiff Before this Court**

Notably, the Plaintiff has filed a number of cases before this Court making similar allegations and the Court has issued a number of rulings with regard to those cases.[1] One particularly relevant prior ruling by this Court came in *Holland v. City of Gary*, Cause No. 2:12-CV-62-TLS. In that case, the Court found that:

> the Plaintiff's allegations about a vast conspiracy involving his family members, officials from different towns, private hospitals, and multiple state court judges [are] in the vein of "fantastic" or "delusional," warranting dismissal of the complaint as frivolous. *See Neitzke* [*v. Williams*], 490 U.S. [319,] 325 [1989]; *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773 (7th Cir. 2002) (affirming dismissal of complaint as frivolous where the plaintiff alleged that over a span of three years, multiple guards at three different prisons left his cell door unlocked at night while he was sleeping so that other inmates could come in his cell and assault him); *see also Schottler v. Wisconsin*, 388 Fed. Appx. 547 (7th Cir. Jul. 28, 2010) (affirming dismissal of complaint as frivolous, where plaintiff alleged that someone had inserted a metal pin in his head and various state officials and police officers had purposely ignored his pleas for help); *Lawrence v. Interstate Brands*, 278 Fed. Appx. 681, 684 (7th Cir. May 22, 2008) ("Lawrence's allegations—that the Illinois legal system is controlled by the Ku Klux Klan and that a vast network composed of lawyers, judges, and his former employers have conspired over the past 20 years to deny him equal protection of the laws, harass him on the basis of his race, and defraud him—are frivolous under this standard.").

*Holland v. City of Gary*, No. 2:12-CV-62-TS, 2012 WL 974882, at *3 (N.D. Ind. Mar. 21, 2012). Moreover, the Court also found that some of the Plaintiff's allegations were malicious, were time-

---

[1] Mr. Holland has filed the following cases in this Court: 2:10-CV-454-PRC (filed on Nov. 15, 2010), 2:12-CV-62-TLS-APR (filed on Feb. 9, 2012), 2:13-CV-180-PPS-PRC (filed on May 28, 2013), 2:13-CV-179 (filed on May 28, 2013), and 2:13-CV-491-RL-JEM (filed on Dec 30, 2013).

3

barred, were barred because of immunity or other reasons, and that the Plaintiff's diverse claims did not belong in one lawsuit. *Id.*

The Seventh Circuit agreed with this Court's analysis, stating that "a dismissal for frivolousness is qualitatively different than a dismissal for failure to state a claim. Unlike a dismissal for failure to state a claim, which a judge must accept all factual allegations as true, a dismissal for frivolousness under § 1915 (the IFP statute) does not require a judge to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citation omitted). Specifically, the Circuit held that this Court "did not abuse its discretion in concluding that Holland's allegations lacked any arguable basis in fact and that amendment would have been futile." *Id.* at 477–78.[2]

Another important ruling of this Court came in *Holland v. Lake Cnty. Mun. Gov't*, No. 2:13-CV-179-TLS, 2013 WL 5230242 (N.D. Ind. Sept. 16, 2013). In that case, this Court denied the Plaintiff's petition to proceed *in forma pauperis* and dismissed his case with prejudice under § 1915 for the very same reasons the Court dismissed the Plaintiff's case in *Holland v. City of Gary*. This ruling is particularly important to the matter before the Court because in the instant case the Plaintiff, in the process of once again presenting vast conspiracy claims against a large number of defendants, cites Cause Number 2:13-CV-179 as laying out the predicate acts to support his conspiracy claims in this matter. Since filing the instant case that cites cause number 2:13-CV-179, this Court dismissed Cause Number 2:13-CV-179 with prejudice for being

---

[2]This Court has ruled against the Plaintiff three additional times in his attempts to sue various combinations of Lake County and Gary officials in federal court. *See Holland v. City of Gary*, No. 2:10-CV-454-PRC, 2011 WL 6782101 (N.D. Ind. Dec. 27, 2011); *Holland v. Lake Cnty. Mun. Gov't*, No. 2:13-CV-180-PPS, 2013 WL 2430944 (N.D. Ind. June 4, 2013); and *Holland v. Lake Cnty. Mun. Gov't*, No. 2:13-CV-179-TLS, 2013 WL 5230242 (N.D. Ind. Sept. 16, 2013).

frivolous and presenting fantastic and delusional claims. *Id.* at *3.

C.  **The Plaintiff's Complaint in this Matter**

The Plaintiff's Complaint is forty-two pages long and names fifteen defendants, including Countrywide Home Loans, Inc., the CEO of Countrywide Home Loans, a number of private banks, a number of private companies, various private citizens, the Lake County Municipal Government generally, and the Lake County Sheriff's Department. (Compl. 1, ECF No. 1.) He alleges that all these Defendants are part of a vast conspiracy or enterprise "causing substantial injury to Robert Holland in his person, business, property and profession in a continuation and progression of the racketeering activity of intimidation, harassment, extortion, fraud, etc. . . ." (*Id.* at 2.) Ultimately, the Plaintiff alleges that this vast conspiracy is designed "to put him out of business." (*Id.*) As described above, the Plaintiff has made the same allegations against numerous defendants in previous cases and he clearly connects the claims in this case to the claims presented in his other cases. In this case the Plaintiff is once again suing the Lake County Municipal Government and the Lake County Sheriff's Department along with a variety of additional defendants he has not previously sued. In his Complaint the Plaintiff spends approximately five pages setting forth the "predicate acts" for his claim and cites to Cause No. 2:13-CV-179 as providing the "predicate acts" for the conspiracies alleged in this case. (*Id.* at 38–42.) The Plaintiff again alleges that the Defendants have engaged in a pattern of racketeering with the specific purpose of violating his rights. As evidence of this conspiracy, he describes several incidents dating from 1998 to 2012, including: his 1998 discharge from the Lake County Prosecutor's Office; alleged false statements by attorneys in 2002 that led to disciplinary hearings

against the Plaintiff in 2009; a tax sale of the Plaintiff's former residence in 2012 despite alleged assurances that the property would not be sold; a 2009 Sheriff's sale of another piece of the Plaintiff's property; a 2009 judicial order removing the Plaintiff as counsel of record in a criminal case because of alleged misconduct by the Plaintiff; a 2009 judicial order banning the Plaintiff from the Lake County Government Building; a 2009 judicial order requiring the Plaintiff to be escorted at all times while in the Lake County Government Building and a subsequent escort, search, and seizure of the Plaintiff; a 2010 arrest of the Plaintiff and a subsequent two week incarceration in the Lake County Jail; posting a picture of the Plaintiff with the appearance of a wanted poster in the Lake County Government Building in 2011; and testimony at 2011 reinstatement hearings that prevented the Plaintiff from being reinstated to practice law.[3] The forgoing evidence of a conspiracy alleged by the Plaintiff in this case is the same evidence alleged in Cause No. 2:13-CV-179, which was dismissed with prejudice for being frivolous and presenting fantastic and delusional claims. He believes that all of these incidents were specifically orchestrated to ruin his professional aspirations. Among other relief, he seeks money damages for violations of the civil Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, and for violations of 42 U.S.C. 1983, "Indiana Civil RICO, the Indiana State Constitution, Breach of Contract, Breach of Warranty, Theft, Trespass, Fraud . . . , Common Law Fraud, Intimidation, Mail Fraud, Wire Fraud, . . . Bank Fraud, Extortion, Harassment, and Defamation and various theories of common law and negligence." (Compl. 36.)

Because it appears from the nature and content of the Plaintiff's filings that granting him

---

[3] According to the public records of the Indiana State Bar, the Plaintiff was admitted to practice law in 1997 but was suspended in October 2009 and has not been reinstated. *See* https://courtapps.in.gov/rollofattorneys/.

another opportunity to replead his claims will not result in a more viable complaint, the Court has undertaken to discern the Plaintiff's claims from his present filing. The Complaint before the Court in this matter is essentially another attempt to allege the same vast conspiracy the Plaintiff has been trying to construct via numerous filings in this Court over the course of the last several years. In addition to the Plaintiff's stated connection between the two cases, i.e., that the factual assertions or predicate acts made in Cause No. 2:13-CV-179 are the same for the instant case, a review of the Complaint in this matter and the documents filed in Cause No. 2:13-CV-179 reveals many of the same claims and same properties at issue, in addition to many of the same defendants.[4]

That said, the Court has fully reviewed the Plaintiff's Complaint and has searched for some independent claim that distinguishes this case from the other alleged conspiracy cases brought by the Plaintiff that have been dismissed by this Court as fantastic and delusional; the Court has found no such claim in the Plaintiff's Complaint. The Plaintiff's claims in this case comprise what the Court considers the property portion of the overarching vast conspiracy the Plaintiff has alleged in his numerous other filings. This Complaint is simply a slight variation on the conspiracy claims that this Court has already dismissed as fantastic, delusional, and ultimately frivolous.

Therefore, the Court again finds that the Plaintiff's allegations about a vast conspiracy are

---

[4]Defendants CEO of Countrywide Home Loans and Countrywide Home Loans, each alternatively identified as Bank of America, filed a motion advising the Court that they recently have been engaged in litigation with the Plaintiff in the state courts of Indiana involving the same issues complained of in this matter, and that the state court enjoined the Plaintiff from filing any further claims such as those in the instant complaint. (ECF No. 6 at 1–2.)

"fantastic" and "delusional," warranting dismissal of the Complaint as frivolous. *See Neitzke*, 490 U.S. at 325. The Court also finds that, due to the number of times the Plaintiff has made similar conspiracy allegations in other cases without success, any amendment in this case would be futile. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (stating that a court should not grant leave to amend "where the amendment would be futile" (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008))).

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2] and, because any amendment would be futile, DISMISSES the Complaint [ECF No. 1] WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). Furthermore, the Plaintiff's Motion to Strike Appearances of the Counsel for Countrywide [ECF No. 8] and his Request for Ruling Status [ECF No. 10] are DENIED AS MOOT, as the case is being dismissed.

SO ORDERED on June 12, 2014.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION