UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND and HOLLAND, REAL ESTATE LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CEO COUNTRYWIDE HOME LOANS, INC., et al., )<br>)<br>Defendants. ) | CAUSE NO.: 2:14-CV-5-TLS-PRC |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Correct Errors and Set Aside the Order of Dismissal Dated June 12, 2014 [ECF No. 13], filed on July 11, 2014. On June 12, 2014, the Court issued an Opinion and Order [ECF No. 11] dismissing the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The pro se Plaintiff, Robert Holland, asks the Court to reverse this decision and grant him the opportunity to amend his Complaint. For the reasons set forth below, the Court will deny the Plaintiff's motion.

**BACKGROUND**

On June 12, 2014, the Court issued an Opinion and Order [ECF No. 11] dismissing the Plaintiff's Complaint with prejudice as being frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court also determined that any amendment would be futile. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (stating that a court should not grant leave to amend "where the amendment would be futile" (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008))).

Judgment was entered in this case on June 12, 2014, the same date as the Opinion and Order dismissing the Complaint.

The Plaintiff has filed numerous cases before this Court making similar allegations and the Court has issued a number of rulings with regard to those cases.[1] The Court incorporates by reference the Court's previous discussion of the history of the Plaintiff. (06/12/2014 Opinion and Order, ECF No. 11.) In addition to numerous cases being filed by the Plaintiff, the Court notes that many of these cases contain generally the same defendants and the same evidence, as alleged by the Plaintiff. The interconnected nature of many of these cases is further demonstrated by the fact that the Plaintiff has cited to other cases as providing the "predicate acts" for the conspiracies alleged in this case. (*See* Opinion and Order 5–6, ECF No. 11.) The Court takes judicial notice that the Plaintiff has filed another case, Cause No. 2:14-CV-326-JD-PRC (filed on Sep. 8, 2014), in the time that has passed since the Court's last order in this case. The Civil Cover Sheet in that new case indicates that it is related to this case, as well as two others previously filed by the Plaintiff.

**DISCUSSION**

Judgment was entered in this case on June 12, 2014. The Plaintiff filed his motion on July 11, 2014, 29 days after the entry of judgment. The Plaintiff made his motion pursuant to Federal Rules of Civil Procedure 59 and 60, which the Court will address in turn.

Motions to alter or amend a judgment may be made pursuant to Rule 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after

---

[1] Mr. Holland has filed the following cases in this Court: 2:10-CV-454-PRC (filed on Nov. 15, 2010), 2:12-CV-62-TLS-APR (filed on Feb. 9, 2012), 2:13-CV-180-PPS-PRC (filed on May 28, 2013), 2:13-CV-179 (filed on May 28, 2013), 2:13-CV-491-RL-JEM (filed on Dec. 30, 2013), and 2:14-CV-326-JD-PRC (filed on Sep. 8, 2014).

2

the entry of the judgment." As previously noted, the Plaintiff filed his motion 29 days after the entry of the judgment. However, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Here, the Court's Opinion and Order was served on the Plaintiff by U.S. Mail pursuant to Rule 5(b)(2)(C). Thus, he is entitled to an additional 3 days pursuant to Rule 6(d), resulting in a timely motion under Rule 59.

Federal Rule of Civil Procedure 60(b) provides that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). The Court finds that the Plaintiff's motion, filed 29 days after the entry of the judgment, was made within a reasonable time and is timely under Rule 60(c).

Upon review of the Plaintiff's motion, the Plaintiff is seeking appellate review rather than reconsideration of the Court's Opinion and Order. The Plaintiff, styling himself as the "appellant", raises nine "Issues on Appeal" and argues that "the district court abused its

discretion by dismissing the complaint without allowing [the Plaintiff] an opportunity to amend it." (Mot.to Correct Errors 4–5, 18–19, ECF No. 13.) The section of his motion titled "Standard of Review" outlines both the de novo and abuse of discretion standards that an appellate court would utilize in reviewing a district court decision. Furthermore, all of the Plaintiff's arguments are attempts to convince the Court that its decision, to dismiss the complaint as frivolous and not grant leave to amend because any amendment in this case would be futile, was incorrect. He has not presented any new arguments or additional facts that might demonstrate that his complaint was not frivolous. Further, he asserts he should have been given the opportunity to amend his complaint after receiving "specific instructions as to any perceived shortcoming in the complaint" from the Court. *Id* at 10. The Plaintiff's claim that "[t]here is no apparent reason that the Plaintiff should not be allowed to amend the original complaint" is incorrect. *Id.* at 9. For the reasons stated in the Court's June 12, 2014, Opinion and Order, the Court found that the Plaintiff's allegations were "fantastic" and "delusional," warranting dismissal of the Complaint as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court also found that any amendment in this case would be futile. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (stating that a court should not grant leave to amend "where the amendment would be futile" (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008))). Thus, the Court stated futility as reason for not granting leave to amend the frivolous complaint, and the Plaintiff has not presented any persuasive argument for reversing that decision.

Furthermore, Rule 60(b) provides a list of reasons that the Court may use to relieve a party from a final judgment. The Plaintiff makes his "Motion to Correct Errors" pursuant to Rule 60, but he does not make any argument under any of that rule's demarcated reasons for why he is entitled to such relief. The Court has reviewed the Plaintiff's arguments but finds that they are

appellate in nature and, as such, have not been presented in the proper forum. An appeal, arguing that the Court has abused its discretion, is not properly made under Rules 59 and 60 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion to Correct Errors and Set Aside the Order of Dismissal Dated June 12, 2014 [ECF No. 13].

SO ORDERED on October 20, 2014.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION